{¶ 16} Though the trial court mentioned the statute in which the factors are found, it did not specifically mention every single factor listed in that statute. What it did do was make the following findings:
"At the time of the offense the victim was 18 and the Defendant was 33. The sexual offense did not involve multiple victims. The Defendant did not use alcohol and/or drugs to impair the victim. The Defendant does not have a mental illness and/or mental disability. The nature of the Defendant's sexual conduct with the victim was a forcible rape by threatening to shoot the victim with a gun if she did not submit to [him]; requiring her to disrobe at gunpoint; and requiring her to agree with him that he did not rape her before letting her go. The Defendant did not know the victim prior to raping her. The rape occurred at 2:30 p.m. when the victim was walking home after her vehicle had broken down and she encountered the Defendant sitting on a pail with a shotgun. The Defendant has a prior criminal record which includes offenses for which he was put under supervision. The Defendant has violated the terms and conditions of supervision. The Defendant has never received any counseling and/or treatment for sexual offenses. The Defendant has never taken responsibility for his actions."
The court then stated that, "[b]ased upon the above findings, the Court finds by clear and convincing evidence that the Defendant is a sexual predator."
 {¶ 17} Since I do not believe that that conclusion can be supported solely by those findings, I dissent.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.